UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23259-CIV-LENARD/TURNOFF

**WALTER DULANEY,**

    Plaintiff,

v.

**MIAMI-DADE COUNTY and
INTERNATIONAL ASSOCIATION
OF FIREFIGHTERS, LOCAL 1403,**

    Defendants.
_____/

**ORDER DENYING DEFENDANT MIAMI-DADE COUNTY'S APPEAL OF
MAGISTRATE JUDGE'S ORDER OR ALTERNATIVELY MOTION FOR
RECONSIDERATION (D.E. 71)**

**THIS CAUSE** is before the Court on Defendant Miami-Dade County's Objection to Magistrate Judge's January 14, 2011 Order Granting Plaintiff's Motion to Compel Deposition, or in the Alternative, Motion for Reconsideration of this Court's Denial of the County's Request to Extend January 18, 2011 Motion Deadline ("Appeal," D.E. 71), filed on January 14, 2011. On January 27, 2011, Plaintiff filed his response in opposition ("Response," D.E. 80). Having reviewed the Magistrate Judge's January 14, 2011, Order, the Appeal, the Response, the related pleadings, and the record, the Court finds as follows.

Defendant's Appeal asks the Court to overrule the Magistrate Judge's January 14, 2011, Order (D.E. 70) which granted Plaintiff's motion to compel the continued deposition of Tarlesha Smith. Defendant requests such relief because it fears it will be prejudiced if the

remainder of the deposition is scheduled after the deadline for filing dispositive motions.[1] Defendant does not point to any clear error on the part of the Magistrate Judge but instead seems to assert Plaintiff's motion to compel should have been denied as untimely and for lack of notice. In response, Plaintiff complains that Defendant has obstructed many of its efforts to complete discovery. Plaintiff also notes that the Magistrate Judge ordered Defendant to file a response to his motion to compel by January 13, 2010, and that Defendant failed to do so other than by filing a motion to strike. (See D.E. 66, 69, 70.)

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A), this Court reviews the Magistrate Judge's Order to determine whether it is "clearly erroneous or contrary to law." See In re Commr's Subpoenas, 325 F.3d 1287, 1292 n.2 (11th Cir. 2003). Findings of fact "are 'clearly erroneous when, although there is evidence to support [them], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Johnson & Johnson Vision Care, Inc., v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246 (11th Cir. 2002) (citing Univ. of Georgia Athletic Ass'n v. Laite, 756 F.2d 1535 (11th Cir. 1985)). A review of the Magistrate Judge's application of the law is de novo, as the "application of an improper legal standard . . . is never within a court's discretion." Id. (internal citation omitted).

---

[1] Tarlesha Smith, an employee of Miami-Dade Fire Rescue, was originally deposed on October 2010 for approximately four hours. Defendant asserts the deposition ended prematurely because Plaintiff's counsel had another deposition scheduled that day. Plaintiff asserts the deposition ended prematurely because of the witness's child care issues and cites to the transcript of the deposition. (See Response at 3; D.E. 80-1 at 2-3.)

The Court finds the Magistrate Judge's January 14, 2011, Order is neither clearly erroneous nor contrary to law. Defendant never filed a response to the motion to compel and the Magistrate Judge was within his discretion in ordering the Parties to complete the deposition. The Court also declines to reconsider its January 13, 2011, Order (D.E. 68) denying Defendant's request for yet another extension of the dispositive motion deadline. In that Order, the Court stated:

> On March 15, 2010, the Court issued its Order [25] adopting the Parties' proposed scheduling order. That Order set December 1, 2010, as the deadline for filing dispositive motions. On December 2, 2010, the Court granted the Parties an extension of the deadline for filing dispositive motions until December 17, 2010, but warned that in order to preserve the trial date "[n]o further extensions will be granted." [57] On December 9, 2010, the Court again granted the Parties an extension of the deadline for filing dispositive motions until January 17, 2011, but again warned that "[n]o further extensions will be granted." [61] Defendants now request another extension of indefinite nature. They request an extension of thirty (30) days after the close of discovery for the filing of dispositive motions, despite a trial date of April 11, 2011. Accordingly, in order to preserve the trial date, Defendants' Motion for Extension of Dispositive Motions Deadline is DENIED.

(Id.) Accordingly, consistent with this Order, it is hereby **ORDERED AND ADJUDGED** that the Magistrate Judge's January 14, 2011, Order (D.E. 70) is **AFFIRMED** and Defendant Miami-Dade County's Objection to of Magistrate Judge's January 14, 2011 Order Granting Plaintiff's Motion to Compel Deposition, or in the Alternative, Motion for Reconsideration of this Court's Denial of the County's Request to Extend January 18, 2011 Motion Deadline (D.E. 71) is **DENIED**.

3

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of February, 2011.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**