UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-23259-CIV-LENARD/O'SULLIVAN

WALTER DULANEY,

      Plaintiff,

v.

MIAMI-DADE COUNTY and
INTERNATIONAL ASSOCIATION OF
FIREFIGHTERS, LOCAL 1403,

      Defendants.

_____/

## **ORDER**

THIS MATTER came before the Court on the Defendant, Metro-Dade Fire Fighters, Local 1403, IAFF's ("Local 1403") Motion for Bill of Costs (DE # 134, 6/7/11) and the Defendant, Local 1403 Metro-Dade Fire Fighters, IAFF's Motion for Attorney's Fees and Costs (DE # 142, 7/5/11).  This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Joan A. Lenard, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636 (b).[1]  Having carefully considered the pertinent filings, the record and the applicable law, the Defendant, Metro-Dade Fire Fighters, Local 1403, IAFF's ("Local 1403") Motion for Bill of Costs (DE # 134, 6/7/11) is GRANTED in part and DENIED in part and the Defendant, Local 1403 Metro-Dade Fire Fighters, IAFF's Motion for Attorney's Fees and Costs (DE # 142, 7/5/11) is DENIED as more fully discussed below.

---

[1]The parties have consented to Magistrate jurisdiction for all attorney's fees and costs motions (DE # 23-2).

**BACKGROUND AND FACTS**

This case arose under the American with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Florida Civil Rights Act (FCRA), § 760.02, Fla. Stat. (2010). On October 27, 2009, the plaintiff filed a complaint against Miami-Dade County and Local 1403 alleging discrimination based on a perceived disability or handicap under the ADA and the FRCA.  On May 5, 2011, this Court entered an Order granting summary judgment in favor of both Miami-Dade County and Local 1403.  On June 7, 2011, Local 1403, filed a Motion for Bill of Costs (DE # 134, 6/7/11).[2]  On June 23, 2011, the plaintiff filed a response to the Motion for Bill of Costs (DE 3 138, 6/23/11).  On July 5, 2011, Local 1403 filed a Motion for Fees and Costs (DE # 142, 7/5/11).  The plaintiff filed a response on August 31, 2011, (DE # 154, 8/31/11) and Local 1403 filed a reply on September 14, 2011, (DE # 159, 9/14/11).

The defendant argues in its Motion that attorneys' fees, should be assessed against the plaintiff because the plaintiff's case was frivolous.  The plaintiff's response argues that his claims were meritorious and points out to the Court that Local 1403 did not move to dismiss, for judgment on the pleadings, or for an early summary judgment in this matter.  *See* Pl.'s Resp.(DE # 154 at 3, 8/31/11).

---

[2] In his response to 1403's Motion for Bill of Costs and in his response to 1403's Motion for Fees and Costs, the plaintiff argues that the Motion for Bill of Costs was untimely because it should have been filed by June 4, 2011, and 1403 did not file the Motion for Bill of Costs until June 7, 2011.  The undersigned finds that the short delay in filing the Motion for Bill of Costs did not prejudice the plaintiff, and declines to deny the Motion for Bill of Costs on that ground.

## ANALYSIS

As discussed below, the undersigned finds that fees should be denied, and Local 1403 should only be awarded the costs permitted by 28 U.S.C. § 1920.

### I. Entitlement to Fees, Expenses & Costs Under 42 USC § 12205

Fees, expenses and costs are permitted pursuant to 42 U.S.C. § 12205 (hereinafter "§ 12205"), which provides in pertinent part:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . .

Congress conferred upon federal courts broad discretion in determining when an award of fees is appropriate. *See Tufaro v. Willie*, 756 F. Supp. 556, 560 (S.D. Fla. 1991) (citing *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421-22 (1978)).

Although the language of § 12205 does not differentiate between a prevailing plaintiff and defendant, "the courts have determined that the standard for deciding a defendant's motion for attorney's fees is different from that used when a plaintiff has made the motion." *Tufaro*, 756 F. Supp. at 560. The United States Supreme Court held that an award of fees to a defendant should not be routinely awarded simply because the defendant has succeeded, but only awarded where the action is found to be unreasonable, frivolous or groundless or that the plaintiff continued to litigate after it clearly became so. *See Christiansburg*, 434 U.S. at 422. To assess attorneys' fees against the plaintiff without a finding that the plaintiff's claims were frivolous, unreasonable or groundless would undercut clear Congressional intent to promote vigorous enforcement of these statutes. *Id.*

The Eleventh Circuit reaffirmed the *Christiansburg* standard and held that a district court

3

may in its discretion award attorneys' fees to a prevailing defendant only upon a finding that the plaintiff's lawsuit was frivolous, unreasonable or without foundation.  *See Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1188 (11th Cir. 1985).  Further, in deciding whether a suit is frivolous, "'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'"  *Sullivan*, 773 F.2d at 1189 (quoting *Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir. 1981)).  Cases in which findings of "frivolity" have been sustained have typically been decided in the defendant's favor on a motion for summary judgment or a Federal Rule of Civil Procedure 41(b) motion for involuntary dismissal because the plaintiffs did not introduce any evidence in support of their claims.  *Sullivan*, 773 F.2d at 1189 (citing *Beard v. Annis*, 730 F.2d 741 (11th Cir. 1984); *Jones v. Dealers Tractors & Equip. Co.*, 634 F.2d 180 (5th Cir. 1981); *Church of Scientology of California v. Casares*, 638 F.2d 1272 (5th Cir. 1981); *Harris v. Plastics Mfg. Co.*, 617 F.2d 438 (5th Cir. 1980)).  In contrast, in cases where the plaintiffs do introduce evidence sufficient to support their claims, findings of frivolity typically do not stand.  *Sullivan*, 773 F.2d at 1189 (citing *White v. South Park Indep. Sch. Dist.*, 693 F.2d 1163 (5th Cir. 1982); *Plemer v. Parsons-Gilbane*, 713 F.2d 1127 (5th Cir. 1983)).

The Eleventh Circuit in *Sullivan* outlined three factors to consider when determining whether a claim is frivolous so as to warrant an award of attorneys' fees to a defendant.  *Sullivan*, 773 F.2d at 1189 (citing *E.E.O.C. v. Kimbrough Invest. Co.*, 703 F.2d 98, 103 (5th Cir. 1983); *Jones*, 656 F.2d at 1146).  First, the court should consider whether the plaintiff has established a *prima facie* case.  *Sullivan*, 773 F.2d at 1189. The court must then determine whether the defendant offered to settle, and whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. *Id*. However, the *Sullivan* Court cautioned that these factors are only general guidelines and that determinations regarding frivolity are to be made on

4

a case by case basis.  *Id.*  Furthermore, in determining frivolity, the Court must view the evidence in a light most favorable to the non-prevailing plaintiff. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1179 (11th Cir. 2005) (quoting *Johnson v. Florida*, 348 F.3d 1334, 1354 (11th Cir. 2003); citing *E.E.O.C. v. Pet, Inc.*, 719 F.2d 383, 384 (11th Cir. 1983)).

### A. *Prima Facie* Case

The defendant argues that the plaintiff failed to establish a *prima facie* case due to the failure by the plaintiff to produce sufficient evidence supporting his claims against the defendant. The plaintiff argues that the fact pattern gave him a reasonable basis to bring the lawsuit and a reasonable basis for his assertion that his perceived drug use led to his termination.  The undersigned finds that based on the fact pattern, the plaintiff did indeed have a reasonable basis for bringing this lawsuit, and this factor weighs against a finding of frivolity.

### B. Settlement Offer

The defendant refers to the mediation process regarding its offer to settle with the plaintiff.  In his response, the plaintiff indicates that he is hampered by his ability to discuss the mediation due to a Court Order indicating that mediation discussions are confidential.  Because the plaintiff declines to discuss the mediation in his response due to a Court Order indicating that mediation discussions are confidential, the undersigned finds that this factor does not weigh for or against a finding of frivolity.

### C. Trial on the Merits

In considering this factor, the Eleventh Circuit in *Sullivan* cites a Fifth Circuit case which considered the district court's careful consideration and trial on the merits as weighing against a finding of frivolity.  *See Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985); *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1146 (5th Cir. 1981) ("First, the careful consideration given to the case by the district court is some indication that the suit was not

frivolous.  It is important to note that the court did not dismiss the case prior to trial . . . rather, it held a full-blown trial on the merits. . . .  As the Supreme Court recently noted in Hughes, the fact that a plaintiff's claim received careful consideration by the district court may properly be taken into account in determining whether the claim was frivolous." (citing *Hughes v. Roe*, 449 U.S. 5 (1980))).  Here there was no trial on the merits, the case was dismissed on summary judgment, so this factor weighs in favor of the defendant.

In the instant case, as the plaintiff points out, despite the defendant's arguments regarding the frivolity of the plaintiff's case, the defendant did not move to dismiss nor did the defendant file an early motion for summary judgment.  Viewing the evidence in a light most favorable to the plaintiff, the fact that the defendant did not move to dismiss nor did the defendant file an early motion for summary judgment weighs against an overall finding of frivolity.

As previously mentioned, in cases where a finding of frivolity has been sustained, the plaintiffs typically failed to introduce any evidence in support of their claims.  *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1176 (11th Cir. 2005) (quoting *Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985)).  Further, where the plaintiffs do introduce evidence sufficient to support their claims, findings of frivolity typically do not stand.  *Sullivan*, 773 F.2d at 1189.  In the instant case, although the plaintiff did not prevail, in viewing the evidence in a light most favorable to the plaintiff, the undersigned cannot find that the plaintiff did not introduce any evidence in support of his claim.

The Court has broad discretion when determining whether an award of attorneys' fees is appropriate.  *See Tufaro v. Willie*, 756 F. Supp. 556, 560 (S.D. Fla. 1991) (citing *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *Christiansburg Garment Co. v. EEOC*, 434 US 412, 421-22 (1978)).  The *Sullivan* factors serve as general guidelines only and determinations regarding

frivolity should be made by the Court on a case by case basis.  *Sullivan*, 773 F.2d at 1189.

In considering the *Sullivan* factors, other relevant case law, the conduct of the defendant and the particular facts of this case, the undersigned denies the defendant's request for attorneys' fees, expenses and costs under § 12205.

In the motion, the defendant requests a total of $1,616.85 in costs.[3]  The $1,616.85 includes costs for mediation in the amount of $125.00 and a teleconference between parties in the amount of $93.75 (for a total of $218.75).  As these costs are not permitted under 28 U.S.C. § 1920, and are not included on the defendants Bill of Costs, the defendant has requested these costs under 42 U.S.C. § 12205.  The undersigned finds that the defendant is not entitled to fees and costs under 42 U.S.C. § 12205, and declines to award this $218.75 in costs.

## II. Entitlement to Costs Under 28 U.S.C. § 1920

Pursuant to Federal Rules of Civil Procedure 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  The defendant prevailed in the case at bar and,  therefore, is entitled to receive all costs recoverable under 28 U.S.C. § 1920 (hereinafter "§ 1920").  A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

---

[3]In the Bill of Costs filed under 28 U.S.C. § 1920, the defendant requests $1,398.10.

(5) Docket fees under section 1923 of title 28; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of title 28.

28 U.S.C. § 1920.  In the exercise of sound discretion, the Court is accorded great latitude in ascertaining taxable costs.  *See E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 619-20 (11th Cir. 2000).  However, absent explicit statutory or contractual authorization, the Court is limited to those costs specifically enumerated in 28 U.S.C. § 1920.  *See id.* at 620; *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

The defendant requests a total of $1,398.10 in costs under 28 U.S.C. § 1920 associated with this litigation.  The defendant requests the following costs under 28 U.S.C. § 1920:

(1) The transcript of Walter Dulaney deposition: $577.50;

(2) The transcripts of Manuel Gelabert, Stan Hills, and Mitchell Perlstein depositions: $805.60;

(3) Docket fees under 28 U.S.C. §1923 associated with the discontinuance of Civil action: $5.00;

(4) Docket fees under 28 U.S.C. §1923 associated with the motion for judgment and other proceedings: $5.00;

(5) Docket fees under 28 U.S.C. §1923 associated with the two (2) depositions admitted into evidence: $5.00.

**A. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case**

Fees for printed or electronically recorded transcripts necessarily obtained for use in the case are permitted under 28 U.S.C. §1920(2).  In the Memorandum in Support of the Bill of

Costs, the defendant indicates that it requests $1,398.10 for the costs of depositions.[4]  The total amount in transcript fees requested by the defendant in the supporting documentation to the Bill of Costs is actually $1,383.10.

The plaintiff objects to the delivery charge of $18.00 included in the January 14, 2011, invoice for Brickell Gomberg, indicating that courier/delivery charges are not taxable under 28 U.S.C. § 1920.  While rush and expedited delivery fees for transcripts are not allowed, regular delivery charges may be permitted.  The transcript fee request should not be reduced by the $18.00.

The plaintiff further objects to the $12.00 postage charge listed on the Dynamic Reporting Invoice.  Again, while expedited shipping would not be allowed,  regular delivery charges may be permitted.  The transcript fee request should not be reduced by the $12.00.

The plaintiff also asks the Court to disallow the transcript costs for that which the defendant did not deem necessary to prevail in the case.  The undersigned finds that all the transcripts for which costs are requested were necessary for use in the case, and the costs should be awarded.

**B. Fees for Disbursement and Printing**

Fees and disbursements for printing are permitted under 28 U.S.C. §1920(3).  In the Memorandum in Support of the Bill of Costs, the defendant indicates that it is requesting $90.06 for the costs of copies and printing.  The Bill of Costs does not include these costs.  The defendant has failed to properly support its request.  In the motion the defendant states that some if the printing costs "were likely costs related to discovery".  The invoice for printing costs does not indicate the number of pages copied.  The defendant's statement is not sufficient to

---

[4]$1.398.10 is actually the total amount requested by the defendant in the bill of costs.

show that the printing costs were necessary and reasonable.  The request for costs of copying and printing is denied.

**C. Docket fees under section 1923**

Docket fees under section 1923 are permitted under 28 U.S.C. § 1920(5).  The defendant requests a total of $15.00 for docket fees and the costs of briefs.  The plaintiff objects to the award of the docket fees because due to electronic filing, the plaintiff argues that the docket fees were not incurred by the defendant.  The undersigned finds that these requested docket fees should not be awarded, and the 28 U.S.C. § 1920 cost request by the defendant should be **reduced by $15.00.**

The $15.00 reduction in costs from the requested $1,398.10 in costs results in a cost award of $1,383.10.

<u>**CONCLUSION**</u>

In accordance with the above and foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Defendant, Metro-Dade Fire Fighters, Local 1403, IAFF's ("Local 1403") Motion for Bill of Costs (DE # 134, 6/7/11) is GRANTED in part and DENIED in part and the Defendant, Local 1403 Metro-Dade Fire Fighters, IAFF's Motion for Attorney's Fees and Costs (DE # 142, 7/5/11) is DENIED as discussed above.  The defendants are awarded <u>$1,383.10</u> in costs and no fees in this matter.

DONE AND ORDERED at the United States Courthouse, Miami, Florida, this 22nd day of December, 2011.

_____

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

10

United States District Court Judge Lenard
Counsel of record